NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-766

COMMONWEALTH

vs.

OWEN R. BROADHURST.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Owen R. Broadhurst, was convicted by a jury in 2018 of operating a motor vehicle under the influence of alcohol (OUI), pursuant to G. L. c. 90, § 24 (1) (a) (1), and negligent operation of a motor vehicle, pursuant to G. L. c. 90, § 24 (2) (a).  After the jury returned their verdicts, the defendant admitted to sufficient facts to warrant a finding of guilty to being a subsequent offender, having previously been charged with OUI in 2012 and having received a continuance without a finding (CWOF) pursuant to G. L. c. 90, § 24D.  The defendant was sentenced to two years of probation, which he completed in 2020.  Following the Supreme Judicial Court's decision in Commonwealth v. Hallinan, 491 Mass. 730 (2023), the

defendant filed a motion for a new trial in his first OUI case, the 2012 case, which had involved breathalyzer evidence subject to Hallinan. The motion was allowed without objection, the prior CWOF disposition was vacated, and the Commonwealth filed a nolle prosequi. Subsequently, the defendant filed, and the judge allowed, a motion to withdraw the admission to a second offense in the present case. At that time, this appeal of the defendant's 2018 convictions remained pending.

On appeal, the defendant argues that the judge abused his discretion in denying the defendant's motion for a mistrial. He also argues that the vacatur of his prior OUI disposition due to government misconduct entitles him to a new trial in the present case, or alternatively to a refund of expenses "incurred as a result of his being treated as a second offender," though the defendant has not sought either type of relief in the trial court. We affirm the convictions and deny the relief now sought by the defendant in this court in the first instance.

Discussion. 1. Denial of motion for mistrial. Prior to trial, a judge who was not the trial judge allowed the defendant's motion in limine to preclude all lay testimony concerning the horizontal gaze nystagmus (HGN) test. At trial, the police officer who administered the field sobriety tests (FSTs) to the defendant testified on direct examination that, of

2

the standardized FSTs, he "first conducted the horizontal gaze nystagmus." Counsel for the defense promptly objected and sought a mistrial. The judge offered to give a curative instruction but maintained that the mistake "clearly doesn't rise to the level of a mistrial." Counsel declined the curative instruction and did not move to strike the testimony or to have the judge sustain the objection, preferring to "not draw[] any more attention to" the matter. Examination of the witness resumed with the prosecutor asking the witness, "at some point did you have the [d]efendant perform what's called a walk-and-turn test?"

We conclude that the judge did not abuse his discretion in denying the motion for a mistrial. Commonwealth v. Lao, 460 Mass. 12, 19 (2011) (we review denial of motion for mistrial for abuse of discretion). The officer's fleeting mention of the HGN test left the jury without any explanation of the test or indication of its result. Even if the jury had concluded that an additional FST was administered besides the tests they heard about in detail -- the alphabet, finger-count, walk-and-turn, and one-leg-stand tests -- it is "speculative" to conclude "that the jury . . . would have inferred [that] the defendant had failed this additional test." Commonwealth v. Dumais, 60 Mass. App. Ct. 70, 73 (2003).

3

2. Requests for relief. a. New trial. The defendant contends that "he proceeded to trial hamstrung both in his preparation and plea negotiations by his prior CWOF to an OUI offense," which precluded him from seeking a CWOF in the present case. He argues that he "should not be forced to pursue post-conviction relief under Mass. R. Crim. P. 30," as appearing in 435 Mass. 1501 (2001), because "every defendant in his position -- having been forced to trial as a second offender in the face of a prior Hallinan violation -- should be awarded a new trial" as a "global remedy." The relief which the defendant requests is not warranted by Hallinan, and we do not grant it.

In Hallinan, the Supreme Judicial Court held that "defendants who pleaded guilty or who were convicted after trial, and the evidence against whom included breath test results from an Alcotest 9510 device last calibrated and certified prior to April 18, 2019, are entitled to a conclusive presumption of egregious government misconduct." Hallinan, 491 Mass. at 731. However, Hallinan did not establish a presumption of prejudice, instead leaving each defendant with the individual burden to demonstrate that the government's presumptive misconduct materially influenced the adverse outcome of their case. Id. at 744-745, 750-751. In Hallinan, the court considered the affidavits from the defendant and trial counsel

4

in concluding that the defendant had made the requisite showing of prejudice.  Id. at 750-751. Here, we cannot determine from the record before us whether the defendant has demonstrated the requisite prejudice.  "[W]hen possible, case-by-case adjudication remains 'the fairest and best alternative' to resolve individual cases potentially tainted by government misconduct" (citation omitted).  Graham v. District Attorney for the Hampden Dist., 493 Mass. 348, 376-377 (2024).  As in Hallinan, the "appropriate vehicle [for the defendant] to attack the validity" of his convictions, which he has yet to pursue, is a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b). Hallinan, supra at 744.

b.  Refund.  We deny the defendant's request that we remand the case to the trial court with instructions "to return to [the defendant] any fines, costs, and fees he incurred as a result of being treated as a second offender."  In Commonwealth v. Martinez, the Supreme Judicial Court "outline[d] the procedure to be followed in cases where the defendant applies for a refund of monies paid as a direct consequence of a conviction that has been invalidated."  Commonwealth v. Martinez, 480 Mass. 777, 793 (2018).  The defendant concedes that he has not complied with the first basic requirement of that procedure, to "file a motion for refund in the court where [the defendant] was convicted."

Id.[1]  He is free to pursue a refund by following the procedure set forth in Martinez.

Conclusion.  We affirm the 2018 judgments of operating a motor vehicle under the influence of alcohol and negligent operation of a motor vehicle.[2]

So ordered.

By the Court (Blake, C.J., Meade & Tan, JJ.[3]),

Clerk

Entered:  February 26, 2026.

---

[1] Furthermore, nothing in the record before us satisfies any part of the requirement in Martinez that the motion for refund contain or be accompanied by statements, sworn or attested by the defendant to be true, "(1) that the defendant's conviction is no longer valid and is not subject to retrial; (2) that the requested refund consists of fines, fees, costs, or restitution assessed solely as a result of the invalidated conviction; (3) the amount of the requested refund; and (4) that the defendant has paid the requested amount."  Martinez, 480 Mass. at 793-794.

[2] As noted supra, after this appeal was filed, the trial court granted the defendant's motion to withdraw the defendant's admission to a subsequent offense OUI.  We do not disturb that ruling in this appeal.

[3] The panelists are listed in order of seniority.